# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THOMAS ODELL KELLY
a/k/a THOMAS ODELL
KELLEY,

          Petitioner,

        v.                     CASE NO.  11-3233-SAC

DAVID McKUNE,
et al.,

          Respondents.

## MEMORANDUM AND ORDER

In this pro se petition for writ of habeas corpus, 28 U.S.C. § 2254, petitioner seeks to challenge his state conviction for aggravated sodomy entered upon his pleas of guilty twenty years ago. This court screened the original federal petition and informed petitioner of four deficiencies on its face: (1) failure to state the claims with sufficient clarity and allege adequate facts in support; (2) failure to show full and proper exhaustion of all available state court remedies on every claim; (3) procedural default of petitioner's claims that were recently exhausted; and (4) the petition appears to be barred by the one-year statute of limitations. Mr. Kelly was ordered to submit an Amended Petition on court-provided forms, in which he clearly alleged separate, numbered claims; stated the facts in support immediately after each

claim; and showed full and proper exhaustion on each claim. He was also ordered to show cause why his claims held to be procedurally defaulted in state court should not be treated as procedurally defaulted in federal court. Finally, he was ordered to allege facts showing his entitlement to additional statutory or equitable tolling. Petitioner was advised that if he failed to comply with the court's specific directions or failed to cure all the deficiencies pointed out in its Memorandum and Order, this action could be dismissed without further notice.

Mr. Kelly's immediate reaction was to file a single-page Notice of Appeal of what he called this court's "adverse judgment." Twenty days later, he filed a document entitled "Petitioner's Opposition to the Memorandum and Order" (Doc. 7) (hereinafter referred to as Response). Shortly thereafter, his interlocutory appeal was dismissed by the Tenth Circuit for failure to prosecute. The court has considered petitioner's Response together with all materials in the case file, and the available written opinions in petitioner's state cases as well as records in the relevant federal court cases previously filed by Mr. Kelly. The court concludes that petitioner has failed to comply with orders of the court and has failed to show good cause why this action should not be dismissed as time-barred.

Accordingly, this habeas corpus petition is dismissed with prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

The Kansas Supreme Court (KSC) set forth the procedural history of Mr. Kelly's 1991 state court convictions in *State v. Kelly*, 291 Kan. 868, 869-70, 248 P.3d 1282 (Kan. 2011). The following background facts are relevant to this court's disposition of this matter. In 1990, the State of Kansas charged Mr. Kelly in two cases. In Case No. 90-CR-670 he was charged with aggravated kidnaping, rape, two counts of aggravated criminal sodomy, and aggravated sexual battery of a female victim. In Case No. 90-CR-671, he was charged with two counts of aggravated criminal sodomy of a 15-year-old male. In January 1991, the court conducted a preliminary hearing in case 90-CR-670. Before the preliminary hearing could be conducted in 90-CR-671, the parties reached a plea agreement that called for Kelly to plead guilty to attempted rape in 90-CR-670 and to one count of aggravated criminal sodomy in 90-CR-671. *Id.* at 869. In return, the State agreed to dismiss the remaining counts in both cases, not to invoke the Habitual Criminal Act, and to recommend that Kelly be treated at Larned in lieu of imprisonment. The court accepted Kelly's pleas and followed the plea agreement. *Id.* at 870.

Mr. Kelly appeared for sentencing on June 21, 1991. His appointed attorney for the pretrial and plea proceedings, Mr. Greeno, had left the public defender's office; and Mr. Wurtz from that office appeared at sentencing with Kelly. Wurtz advised the court that Kelly wanted to withdraw his pleas based on his belief that Greeno had coerced him. Wurtz began to explain a possible conflict of interest due to the fact that he had supervised Mr. Greeno; however, the district court judge interrupted and declared:

> That motion, if it's considered to be a motion, will be overruled. I personally attended at that plea and the record will reflect no such inducements from the Court's personal knowledge. Based on that, the motion will be overruled.

*Id.* The court then proceeded to sentence Kelly to a controlling term of 15 years to life in prison. *Id.*

Petitioner has attached a copy of the docket from Shawnee County District Court in 90-CR-671 as an exhibit. The docket shows that on June 24, 1991, Mr. Wurtz filed a motion to modify sentence. The docket also shows that this motion was denied on September 11, 1991. *See also id.* "Kelly did not directly appeal his convictions, his sentences, or the denial of his presentence motion to withdraw pleas." *Id.*

In his Response, petitioner alleges that on August 24, 1993, he filed a "motion pursuant to KSA 21-4724 and under others: KSA 60-1507" claiming: lack of probable cause for

warrant, ineffective assistance of counsel and conflict of interest, lack of subject matter jurisdiction in 90-CR-671, and illegal aggregation of sentence. He claims elsewhere in his Response that he filed a 60-1507 motion on August 23, 1993, but Judge Bullock "refused to hear his petition within a reasonable time" or issue a ruling on the matter. He then cites the exhibited docket sheet. However, no motion is recorded on the docket as filed by Mr. Kelly in August 1993.[1] The next entry on the docket is on November 2, 1993: "Motion filed and entered by Thomas O Kelley. TO EMULATE NOTICE OF HEARING." This was the only pro se motion docketed in 1993 according to petitioner's exhibit. The KSC subsequently found that "[b]eginning in 1993, Kelly filed a number of post-conviction motions, including a K.S.A. 60-1507 motion alleging ineffective assistance of counsel, which was denied. *State v. Kelly*, 291 Kan. at 870.

In 1994, petitioner filed a federal habeas corpus petition: *Kelly v. Stotts*, 94-3010-DES (Mar. 10, 1994). The court takes judicial notice of the records in that case wherein petitioner

---

[1] In his Brief on Appeal to the KSC available on-line, Kelly alleged that he had filed a motion on November 9, 1993, seeking "retroactive application of the Kansas Sentencing Guidelines Act" and relief "via K.S.A. 60-1507" for ineffective assistance of counsel claiming a conflict of interest with sentencing counsel because his attorney refused to proceed on his filings and to seek withdrawal of his plea. However, it was also alleged that "[i]n a minute entry filed March, 1994, the district court denied the motion, simply stating 'Dismissed by the Court per *Chiles v. State*,'" and that "Mr. Kelly was never informed of this – the district court noted 'did not send *Chiles* letter – no address for Kelley.'" Brief of Appellant, 2009 WL 4273655 at 7.

claimed, among other things,[2] that "the State of Kansas unnecessarily delayed his K.S.A. 60-1507 action." The judge dismissing that case specifically found:

> [P]etitioner did not file a direct appeal challenging his sentence. Although he filed a motion pursuant to K.S.A. 60-1507, the motion was dismissed at his request.
>
> Petitioner subsequently filed a motion pursuant to K.S.A. 60-1507 with the Kansas Supreme Court. The motion was denied without comment. Petitioner's motion for reconsideration and clarification was also denied without comment. Petitioner now claims he has exhausted his state court remedies. The court disagrees. . . . In this case, petitioner had never fully pursued his claims through the district court. Although he filed a post-conviction motion with the district court, he asked that the motion be dismissed. There was an adequate remedy available in the state district court.

*Id. at 2-3.* Thus, the federal court rejected Mr. Kelly's assertion in 1994 that he had exhausted state court remedies and found that the motion he claimed had been unreasonably delayed had been dismissed at his request. Kelly appealed, and the appeal was denied for failure to exhaust. *Kelly v. Stotts*, 45 F.3d 439 (10th Cir. 1994). Petitioner repeated this premature process in federal court with the same result in *Kelly v. Nelson*, 95-3416-DES (Oct. 26, 1995).

On April 24, 1996, Congress passed the AEDPA amendments to 28 U.S.C. § 2244(d), creating a one-year statute of limitations

---

[2]   Petitioner also claimed (1) no probable cause to issue arrest warrant; (2) the court lacked subject matter jurisdiction; and (3) ineffective assistance of counsel.

for the filing of habeas petitions in federal court. Thereafter federal courts adopted a rule that when the subject conviction had become final prior to AEDPA's effective date, a habeas petitioner had one year from the effective date, i.e., until April 23, 1997, to file a federal petition. *See, e.g., Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002). Based on this settled law, the limitations period began running as to Mr. Kelly's 1991 convictions on April 24, 1996, and expired a year later unless he is entitled to either statutory or equitable tolling during this one-year time frame.

No motions or rulings were recorded upon the criminal docket exhibited by petitioner between November 3, 1993, and July 2007.

In 2007 and 2008, Kelly filed a series of motions, which the state district court judge eventually consolidated and liberally construed as requests for correction of an illegal sentence under K.S.A. 22-3504, for relief under K.S.A. 60-1507, and to withdraw his pleas under K.S.A. 22-3210. *State v. Kelly*, 291 Kan. at 870. Petitioner exhibits the "State's Memorandum Opposing Defendant's Motion." Petition (Doc. 1) Attach. 134/110. Therein, the State included in its account of the procedural background that "[o]n August 29, 2007, the defendant filed a pro se motion pursuant to K.S.A. 22-3504(2) in case 90-

CR-671. . ." and other motions thereafter. The State argued
that the motions and claims appeared to be habeas in nature,
meaning they should be treated as brought under K.S.A. 60-1507
and found to be barred by the one-year limitations period
applicable to 1507 motions. Mr. Kelly argued in response that a
motion to correct illegal sentence and his jurisdictional claim
of a fundamental defect in the information could be brought at
any time. Petitioner also exhibits the Shawnee County District
Court judge's "Memorandum Decision and Order." *Id.* Attach.
145/125. The judge found that Mr. Kelly asked the court in his
motions "to enter a nunc pro tunc order to reflect that he did
not knowingly and voluntarily waive his right to a preliminary
hearing; the plea agreement lacked a factual basis and was not
entered knowingly, intelligently, or voluntarily; and his
counsel was ineffective in the way he advised the Defendant
regarding the plea agreement" as well as "to correct his illegal
sentence." *Id.* Attach. 145/125 - 146/126. The judge further
found that these claims were not within the scope of a motion to
correct illegal sentence and that a nunc pro tunc order was not
the appropriate means to address these allegations. *Id.* Attach.
146/126 -147/127. The judge also found that "the Defendant did
not raise his claim until 2007." *Id.* at 147/127. The judge
then liberally analyzed Mr. Kelly's claims under K.S.A. 60-1507
and held, based on the effective date of the state statute of

limitations for 1507 motions, that they were time-barred because they had not been filed prior to June 30, 2004. *Id.*

Mr. Kelly appealed the state district court judge's decision,[3] and the KSC summarized the lower court's decision as follows:

> The court summarily denied Kelly's motions, finding that his claims did not fit within the definition of an illegal sentence, that his 60-1507 claims were time-barred, and that Kelly's conclusory statements about his plea did not warrant withdrawal under K.S.A. 22-3210."

*State v. Kelly*, 291 Kan. at 870. The KSC affirmed:

> In this appeal, Kelly argues that during an attempt to withdraw his pleas prior to sentencing, the district court was put on notice that Kelly's trial counsel had a conflict of interest, which required the district court to make further inquiry. Kelly also contends that his pleas were not knowingly and voluntarily entered. Finding that we are procedurally barred from deciding Kelly's claims, we affirm the district court.

*Id.* The KSC reasoned that Kelly had at least three procedural obstacles standing in his way of getting review. First, he did not directly appeal, and a 60-1507 motion could not be used as a substitute for a direct appeal. Second, he had filed "a prior 60-1507" raising the issue of ineffective assistance of counsel, and the district court was not required to entertain a second

---

[3]     This opinion was not treated as a direct appeal that was allowed to be filed out of time, even though petitioner sought, in part, to withdraw his pleas. Instead, it was a collateral appeal of the district court's decision on his several post-conviction motions. Petitioner has neither argued nor shown, and the court does not believe, that his 2007 pro se motions were part of the "direct review" process for purposes of § 2244(d)(1)(A). *See York v. Galetka*, 314 F.3d 522, 526-27 (10th Cir. 2003); *Orange v. Calbone*, 318 F.3d 1167, 1170 (10th Cir. 2003).

and successive 60-1507 motion. *Id.* at 872. In connection with this finding, the KSC opined that Wurtz had presented a clear conflict of interest to the district court, and Kelly's recourse was to appeal or raise the claim in his first 60-1507 motion. The "final obstacle to review" was the requirement in K.S.A. 60-1507(f)(1) that a 60-1507 motion must be filed within one year of the termination of appellate jurisdiction in the case. The KSC found that Mr. Kelly "did not meet that deadline." *Id.* at 873. With regard to Kelly's claims that he should be allowed to withdraw his pleas, the KSC noted that Kelly had filed various motions, but "appears to treat the matter as if there had been but one motion under K.S.A. 22-3210(d)." *Id.* at 874. They held that Kelly had received a ruling on the merits of his motion to withdraw his pleas at the sentencing hearing in 1991, did not appeal that ruling, and that res judicata barred its relitigation. *Id.*

After the KSC affirmed the district court dismissal in 2011, petitioner filed the instant federal habeas application.


## PETITION IS TIME-BARRED

The statute of limitations applicable to a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The statute also provides for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007)("equitable tolling is limited to 'rare and exceptional circumstances'")(*quoting Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). To justify equitable tolling, the petitioner must "demonstrate[ ] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has the burden of demonstrating that equitable tolling applies. *Cooper v. Bravo*, 36 Fed.Appx. 343, 346-47 (10th Cir. 2002)(unpublished).[4]

---

[4] Unpublished decisions are cited herein as persuasive, rather than controlling, authority in accord with Circuit Court rule.

In his Response, petitioner makes the bald claim that "28 U.S.C. 2244(d)(1) violate[s] Art. 8 to the United States Constitution the Act of Ramification Additional Amendment to the U.S. Const" and complains about Justice Rehnquist and others trying to limit habeas corpus through the passage of statutes in 1996. This claim is not supported with any facts or legal authority. The constitutionality of § 2244 has repeatedly been upheld.

Petitioner's main basis for tolling of the limitations period is his allegation that he filed a motion in 1993 or 1994 that is unresolved and still pending. On the first page of his Response, he repeats this claim and alleges that he filed a motion pursuant to K.S.A. 60-1507 "in the past under the one-time window enacted by the new sentencing in 1993" for habeas corpus relief, "and for over 18 years no ruling has been entered." To obtain statutory tolling on this basis, petitioner must show the pendency of "a properly filed[5] application for

---

[5] According to the Supreme Court, "[a]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State procedural law is applied to determine whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). The Tenth Circuit has held that a "properly filed" application is one filed according to the filing requirements for a motion for state post-conviction relief, which may include: (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing . . . ; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion. *Burger*, 317 F.3d at 1139)(quoting *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir.

State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Petitioner is not entitled to statutory tolling for a time period during which there was no "properly filed" application pending. *Hoggro v. Boone*, 150 F.3d 1223, 1227, n.4 (10th Cir. 1998)(The court will not toll the limitations period for a period of time during which no actual "properly filed" post-conviction application is being pursued" in state court, citing 28 U.S.C. § 2244(d)(2).); *Jackson v. Champion*, 182 F.3d 932, *1, n. 3 (10th Cir. 1999, Table)("[W]e are required to subtract time only for the period a petitioner's 'properly filed' post-conviction relief application is being pursued."), *cert. denied*, 528 U.S. 1123 (2000).

Mr. Kelly presents no detailed allegations and no evidence to establish that he filed a tolling-type motion that remained pending[6] after April 24, 1996. His motion filed in 1993 is not

---

2000)). Petitioner has not adequately described the circumstances surrounding his alleged filing of a still-pending state post-conviction motion. Consequently, this court cannot determine if it was "properly filed."
    The court also has no basis for finding that petitioner filed a "defective pleading." The Tenth Circuit has noted that neither it nor the Supreme Court has defined a "defective pleading" for purposes of equitable tolling. *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1059 (10th Cir. 2006). Instead, the court finds that petitioner failed to file any post-conviction motion during the limitations period.

[6]    In *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999), the Tenth Circuit "clearly held that a post-conviction application is 'pending' under § 2244(d)(2) only when a prisoner is 'attempting, through proper use of state court procedures, to exhaust state court remedies.'" *Gibson*, 232 F.3d at 806 (citing *id.*). They also held that "[a]lthough we look to state law to determine whether an application is 'properly filed,' we apply our own

13

shown to have been a "properly filed," tolling-type motion. But even it was, state court records and opinions and federal court opinions refute petitioner's vague allegations that he filed a motion in 1993 or 1994 that remained pending for an excessive time and indicate instead that his early motions were either dismissed at his request or denied. Petitioner presents no facts whatsoever establishing that he filed a proper state post-conviction motion between April 24, 1996, and April 24, 1997. Any pro se motions filed by Kelly after April 24, 1997, had no tolling effect because the limitations period had already expired. Petitioner has presented nothing but his own conclusory and self-serving statement that he submitted a "properly filed," pertinent state motion that has remained pending every year from November 3, 1993 through July 2007. The docket that he offers as proof does not show that he filed any other motion or even an inquiry in his criminal case until he filed a motion under K.S.A. 22-3504(2) in August 2007, and a "stream of" letters and motions thereafter. In sum, no record is presented and no clear allegations are made regarding a tolling-type motion that was filed or pending between April 24, 1996 and April 23, 1997, or at any time thereafter before 2007. The court concludes that Mr. Kelly has failed to allege

definition of 'pending,' which we interpreted in *Barnett* as a matter of federal law." *Id.* "Under Barnett's definition of 'pending,' we must ask whether a petitioner was properly employing 'state court procedures' in attempting to exhaust state court remedies." *Id.*

sufficient facts showing his entitlement to statutory tolling under § 2244(d)(2).

Petitioner's allegations of a still-pending state post-conviction motion are likewise insufficient to articulate a basis for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 335 (2007)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstance—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808; *Burger*, 317 F.3d at 1141.

In this case, as noted, Mr. Kelly relies mainly on his alleged state post-conviction efforts to excuse his delay in filing this federal petition. However, he presents no unique facts that prevented him from filing a federal petition within the one-year period imposed by 28 U.S.C. § 2244(d)(1)(A). He does not allege facts showing that he diligently pursued his claims during the one-year period that the statute of

limitations ran in his case, which was from April 24, 1996 through April 23, 1997. Nor does he allege facts showing that he diligently pursued his claims during the decade immediately following expiration of the limitations period. In his federal petition, Kelly responded to the question on timeliness by generally referring to his motion to correct illegal sentence.[7] He continues to argue that such a motion can be brought at any time citing the state statute and state cases. Mr. Kelly seems to have clung for decades to his belief that he may raise all his habeas claims, without regard to state or federal time limitations, as long as he presents them as a motion to correct illegal sentence. He may not so easily avoid the statutory time and second and successive limitations.

"[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Petitioner appears to have had some difficulty or aversion to following appropriate procedures. However, it is well-settled that a petitioner's pro se status and lack of familiarity with the law or court rules do not warrant equitable

---

[7] The procedural history of Kelly's case is similar to that in *Gibson*, 232 F.3d at 799, where the "appeal out of time proceedings related not to petitioner's judgment and sentence but to the denial of petitioner's application for post-conviction relief." *Orange*, 318 F.3d at 1172. There the court reasoned that because a motion to correct illegal sentence "can be filed at any time, and will often be denied, there is a justifiable basis for refusing to allow such an application (particularly one that has been denied) to 'reset' the one-year period of limitations under § 2244(d)(1)(A)." *Id.* at 1173.

tolling. See *Miller*, 141 F.3d at 977-78; Marsh, 223 F.3d at 1220 (noting that "ignorance of the law," even for an incarcerated pro se prisoner generally does not warrant equitable tolling). While petitioner continues to make vague claims of delay by the state courts in deciding a motion that is inadequately described, he has made little effort to show that the state courts were responsible for his failure to file a direct appeal or his delay in filing the state post-conviction motions that were filed in 2007 and after.[8] Mr. Kelly has not described any circumstances beyond his control that prevented him from diligently pursuing his claims.

## OTHER COMPLIANCE FAILURES

Mr. Kelly has also failed to comply with the court's prior Memorandum and Order in that he has not submitted an Amended Petition. In his Response he makes no attempt to state each of his claims separately with the facts in support. As a consequence, the court finds that Mr. Kelly has not only failed to comply with the order of this court, he fails to adequately state the grounds for his petition and the facts in support.

---

[8] Mr. Kelly allowed the statutory time period for appeal to lapse. He suggests that this was the fault of counsel, but does not allege that he sought appointment of counsel for a direct appeal or even that he admonished his sentencing counsel to file a Notice of Appeal. Nor does he show that at any point he asked either the state district court or the appellate courts for leave to file a direct criminal appeal out of time. Petitioner's arguments that the Kansas Appellate Public Defender's Office filed frivolous appeals in this particular case and had inordinate, inexcusable delays are vague and conclusory.

As another result of his failure to comply with the court's order to submit an Amended Petition, Mr. Kelly can hardly be held to have shown full and proper exhaustion on each of his claims when he has not even clearly delineated what those claims are and their factual basis. The court directed Mr. Kelly to "describe the course of full and proper exhaustion" that he pursued on each claim of ten claims it found were raised in his federal petition. As the court previously found, since Mr. Kelly did not directly appeal, in order to have exhausted any claim he must have fully and properly presented that claim in a state post-conviction motion. The court plainly advised that "Mr. Kelly's use of the wrong procedures including applying directly to the KSC was not proper exhaustion." In his Response, Mr. Kelly does not adequately describe his efforts to exhaust in state court and set forth facts that connect particular efforts to each particular claim. Instead, he again generally claims that he filed a motion on August 23, or 24 of 1993 that was never ruled upon, and argues in conclusory fashion that he has exhausted his state remedies. He also appears to briefly re-argue that his original filing in the Kansas Supreme Court constituted exhaustion. The court finds that petitioner's repetitive bald statements and arguments do not amount to a showing of full and proper exhaustion on each of his claims.

Finally, petitioner makes no attempt in his Response to demonstrate that his recently exhausted claims should not be considered as procedurally defaulted in federal court.[9]  He alleges no facts to demonstrate the requisite cause or prejudice.


**<u>OTHER ARGUMENTS IN THE RESPONSE</u>**

Petitioner argues that judicial bias exists against him in that the undersigned judge "created a façade and myth in his order, to-wit, his writing which has nothing to do with this case."  These allegations contain no facts, and certainly are insufficient to present grounds for judicial bias.

Mr. Kelly refers to the last nine pages of his Response as "Argument and Authorities."  In pages 2 through 6, he quotes K.S.A. 22-3504(1) as providing that the "court may correct an illegal sentence at any time," and cites case law on this state

---

[9]     Under the procedural bar doctrine, a federal habeas court "cannot address claims that were defaulted in state court on independent and adequate state procedural grounds unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Hume v. McKune*, 176 F.Supp.2d 1134, 1140 (D.Kan. 2001).  "A state procedural ground is independent if it relies on state law, rather than federal law . . . ."  English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). The state procedural bars applied in petitioner's case in state court have previously been held to constitute adequate and independent grounds.  It follows that petitioner's claims considered by the KSC are procedurally barred for federal habeas corpus purposes unless petitioner establishes both cause and prejudice for his defaults or the miscarriage of justice exception. Petitioner's allegations and exhibits do not show cause and prejudice for his defaults in state court.  Nor do they suggest there will be any miscarriage of justice.

statute.  He repeats that he filed a motion to correct illegal sentence under K.S.A. 22-3504 in which he challenged his pleas by contending that the trial court lacked jurisdiction because the information was fatally defective in that it failed to allege every essential element of the crimes, including that the accused and the victim were not married and that the act was committed by force or threat.  Petitioner lists many legal citations to support his arguments that the information was defective, this defect is fundamental and can be raised at any time, that he was deprived of adequate notice of the charges, and that his conviction is void as a result.  However, these arguments on the merits of his claims do not establish his entitlement to either statutory or equitable tolling.

The court concludes that this petition must be dismissed because it is time-barred and because of petitioner's failure to comply with orders of the court.

**IT IS THEREFORE ORDERED** that this habeas corpus petition is dismissed with prejudice as time-barred and for failure to comply with orders of the court including petitioner's failure to submit an Amended Petition on court-provided forms, failure to state his claims separately and clearly, failure to show full and proper exhaustion of each claim, and failure to show cause and prejudice for default of claims in state court.

**IT IS FURTHER ORDERED** that petitioner's motion for ruling (Doc. 9) is dismissed as moot.

**IT IS FURTHER ORDERED** that the court denies a certificate of appealability to petitioner.

**IT IS SO ORDERED**.

Dated this 15th day of May, 2013, at Topeka, Kansas.




s/Sam A. Crow
U. S. Senior District Judge